RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 17 2024

KEVIN P. WEIMER, Clerk
BY: ~~~~ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

Craig Jones
          Plaintiff,
      v.
Credence Resource
Management LLC
          Defendant,

CASE NO.

Complaint for a civil case

Jury Trial: ☒ Yes ☐ No

# 1:24-CV- 3156

### Introduction

1. This is a civil action for actual, statutory damages and cost brought by Craig Jones ("Plaintiff") an individual consumer, against defendant, Credence Resource Management LLC ("CREDENCE") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices & in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA"), by negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone thereby harassing the Plaintiff and invading the Plaintiff's privacy.

### Jurisdiction

2. Jurisdiction of this court arises under 15 U.S.C § 1681(P), 15 U.S.C § 1692 K(d), 47 U.S.C. § 227, 28 and 28 U.S.C § 1391 B(2) because a substantial part of the events, omissions,

1   or conduct giving rise to plaintiff claim occurred in this judicial district. Defendant ("Credence")

2   transact business in Atlanta, Fulton County, Georgia.

3       3. The court has supplemental jurisdiction of any state law pursuant to 28 U.S.C § 1367.

4                                              **Parties**

5       4. Plaintiff, Craig Jones is a natural person and consumer as defined by 15 U.S.C § 1681

6   a(c), residing in Dekalb County, Georgia.

7       5. Upon information and belief, Defendant, Credence Resource Management LLC is a

8   Nevada Corporation with a principal place of business located at 4222 Trinity Mills, Suite 260,

9   Dallas, TX, 75287, USA

10      6. Defendant, Credence has a Registered Agent by the name of Corporation Service

11  Company with a principal place of business located at 2 SUN COURT, SUITE 400,

12  PEACHTREE CORNERS, GA, 30092, USA

13      7. Defendant Credence, is engaged in the collection of debt from consumers using the

14  mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to

15  another's. The alleged debt arose from a financial obligation that was primarily for personal,

16  family or household purposes and is therefore a "debt as that term is defined by 15 U.S.C.

17  §1692a(5).

18      8. The acts as described in this complaint were performed by defendants or on

19  defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of

20  their actual or apparent authority. As such, all references to "defendant" or their owners, agents,

21  and/or employees.

22      9. At all times relevant to this Complaint, CRM was and is a "person" as defined by 47

23  U.S.C. § 153(39).

24

1    10. At all relevant times to this Complaint, Mr.Jones cell phone, the phone number

2    ending in 3206, was and is a number assigned to a cellular telephone service 47 U.S.C. §

3    227(b)(1)(A)(iii).

4    11. At all times relevant to this Complaint, Credence has owned, operated, and or

5    controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that

6    originated, routed, and/or terminated telecommunications.

7    12. CRM at all times relevant to the Complaint herein engaged in "telecommunications"

8    defined at 47 U.S.C. § 153(50).

9    13. CRM at all times relevant to the Complaint herein engaged in "interstate

10    communications" at 47 U.S.C. § 153(28).

11    14. At all times relevant to this Complaint, Credence has used, controlled, and/or

12    operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as

13    instrumentalities of interstate and intrastate commerce.

14    15. At all times relevant to this Complaint, Credence has used, controlled, and/or

15    operated "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47

16    C.F.R. 64.1200(f)(2).

17    **Introduction**

18    16. This action arises out of Defendant's violations of the Telephone Consumer

19    Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"),

20    15 U.S.C. § 1692 et seq

21    17. Starting in or around May 2024 Credence Resource Management, LLC

22    ("Credence")("CRM") used its automated dialers to harass Mr. Jones with collection calls to her

23    cell phone to collect on bills allegedly owed to CRM by another person. Credence used

24

1  automated telephone dialing systems to place its calls. The use of this technology in the

2  placement of calls to the plaintiff was in violation of the TCPA.

3      18. The TCPA was enacted to prevent companies like CREDENCE from invading

4  American citizen's privacy and prevent abusive "robo-calls."

5      19. "The TCPA is designed to protect individual consumers from receiving intrusive and

6  unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, -US--, 132 S.Ct., 740, 745, 181,

7  L.Ed. 2d 881 (2012).

8      20. The FDCPA was, in part, enacted to address invasions of individual privacy caused

9  by abusive debt collection practices. 15 U.S.C. § 1692(a).

10      21. "If the FDCPA makes one thing clear, it is that debt collectors must be circumspect in

11  the way they choose to communicate with debtors. This is a highly regulated industry, and strict

12  compliance is the order of the day." Thompke v Fabrizio & Brook, PC, 261 F Supp 3d 798 (E.D.

13  Mich, 2017).

14      22. The Plaintiff brings this action to enforce the TCPA's strict limits on calls placed

15  through automated telephone dialing systems ("ATDS"). Plaintiff seeks statutorily-authorized

16  damages of $1500 per illegal call, as well as injunctive relief requiring Defendant to comply with

17  the law.

18  **Factual Allegations**

19      23. Defendant Credence Resource Management LLC., (hereinafter referred to as "Debt

20  Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6)

21      24. On or about May, 2024, Mr. Jones notices that someone from the number 833-584-

22  1363 was calling him every day at or around 11:50 am est time. The plaintiff came to learn that

23  this number was from Credence Resource Management in an attempt to collect an alleged debt

24  from Pendrick Capital Partners LLC.

1        25. On or around June 12th 2024 the Plaintiff sent an email communication to Credence

2   stating that he refused to pay the debt pursuant to 15 U.S.C 1692c(c). (Exhibit A)

3        26. Credence continued to call the Plaintiff in an attempt to collect the debt on June 13th

4   2024 and June 14th 2024 which was in violation of 15 U.S.C 1692c(c).

5        27. On or around June 14th the defendant sent an email to the Plaintiff stating that they

6   had sent the account back to Pendrick Capital Partners LLC. However, after receiving this email

7   the defendant continued to call the Plaintiff using an automatic dialer at or around the same time

8   continuously attempting to collect on a debt that they had expressed was no longer in their

9   possession to the plaintiff. (Exhibit B)

10        28. On or around July 5th, the defendant received another alleged debt that they were

11   trying to collect from the Plaintiff from an alleged debt they claimed the Plaintiff owed to T-

12   Mobile.

13        29. On or around July 8th the Plaintiff sent another refusal to pay to the defendant

14   activating a cease and desist pursuant to 15 U.S.C 1692c(c). (Exhibit C)

15        30. Despite receiving this email, the defendant again called the Plaintiff on July 9th, 2024

16   attempting to collect the alleged debt which was a violation of 15 U.S.C 1692c(c).

17        31. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous

18   occasions by calling Plaintiff's cellular telephone number numerous times from approximately

19   May 2024 through the filing of this complaint, with such frequency as can reasonably be

20   expected to harass, all in an effort related to the collection of the subject account.

21        32. Upon information and belief, some or all of the calls the Defendant made to

22   Plaintiff's cellular telephone number were made using an "automatic telephone dialing system"

23   which has the capacity to store or produce telephone numbers to be called, using a random or

24   sequential number generator (including but not limited to a predictive dialer) or an artificial or

COMPLAINT FOR A CIVIL CASE - 5

1  prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter
2  "auto dialer calls").

3      33. Furthermore, each of the calls at issue were placed by the Defendant using a
4  "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

5      34. Upon answering any of these calls, Plaintiff would be greeted by an automated,
6  machine-operated voice message or a noticeable period of "dead air" while the caller's auto-
7  dialing system attempted to connect the Plaintiff to a live telephone employee.

8      35. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number,
9  (770) ***-3206, and was the called party and recipient of Defendant's auto dialer calls.

10     36. The auto dialer calls from Defendant came from the telephone number including but
11  not limited to 833-584-1363 and when the Plaintiff called back that number, an automated voice
12  answers and identifies itself as "Thank you for calling Credence Resource Management."

13     37. Despite Plaintiff informing Defendant to cease communication, the Defendant's auto
14  dialer calls to Plaintiff's cellular phone continued. Due to the tremendous volume of calls,
15  Plaintiff was not able to keep track of each one, however, a partial list of the dates that Plaintiff
16  received automated calls from Defendant is listed below: Plaintiff received over 40 calls during
17  this time despite the fact that he never gave the defendant to call him using an automated
18  telephone dialing system. Below are a list of some but not all of the dates that Credence called
19  the Plaintiff.

20          a) 03-04-2024

21          b) 03-05-2024

22          c) 03-06-2024

23          d) 03-08-2024

24          e) 03-12-2024

1       f)  03-26-2024

2       g)  03-28-2024

3       h)  03-29-2024

4       i)  04-01-2024

5       j)  04-02-2024

6       k)  04-04-2024

7       l)  04-05-2024

8       m) 04-08-2024

9       n)  04-09-2024

10      o)  04-10-2024

11      p)  04-11-2024

12      q)  04-12-2024

13      r)  04-18-2024

14      s)  04-23-2024

15      t)  04-25-2024

16      u)  05-03-2024

17      v)  05-07-2024

18      w) 05-09-2024

19      x)  05-10-2024

20      y)  05-13-2024

21      z)  05-15-2024

22      aa) 05-16-2024

23      bb) 05-17-2024

24      cc) 05-20-2024

dd) 05-21-2024

ee) 05-22-2024

ff) 05-23-2024

gg) 05-27-2024

hh) 05-29-2024

ii) 05-30-2024

jj) 06-04-2024

kk) 06-06-2024

ll) 06-07-2024

mm)         06-10-2024

nn) 06-13-2024

oo) 06-18-2024

pp) 06-19-2024

qq) 06-20-2024

rr) 06-26-2024

ss) 06-28-2024

tt) 07-05-2024

uu) 07-08-2024

vv) 07-09-2024

ww)         07-12-2024

38. The auto dialer calls from Defendant continued from May 2024, through the filing of this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of all auto dialer calls made to Plaintiff.

COMPLAINT FOR A CIVIL CASE - **8**

39. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make auto dialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

40. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of auto dialer calls, even well-beyond June 2024, when Plaintiff advised Defendant to cease communication. None of the calls from the defendant were warranted as the Plaintiff never gave the defendant permission to call his cellular device.

41. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to cease communication.

42. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

43. Upon information and belief, Defendant knew that its calling techniques were in violation of the TCPA, yet Defendant still continued to use them in willful or knowing violation of the TCPA.

44. Defendant has numerous other federal lawsuits pending, settled and ruled in favor of the Plaintiff against them alleging similar violations under the TCPA and the FDCPA as stated in this complaint.

45. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call people who have revoked consent and or never gave consent to be called.

46. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their auto dialer in a manner which makes it virtually

1   impossible for the auto dialer calls to stop. This is evident due to the fact that the defendant

2   continues to call the Plaintiff daily even after stating they are no longer collecting on an account

3   from the Plaintiff.

4       47. Defendant knowingly employed methods that did not permit the cessation of or

5   suppression of auto dialer calls to Plaintiff's cellular telephone.

6       48. Credence's placement of telephone calls to Plaintiff's cellular telephone were

7   unsolicited and incessant.

8       49. Plaintiff never consented to receive telephone calls to his cellular phone from the

9   defendant.

10       50. None of Credence's telephone calls placed to Plaintiff were for "emergency

11   purposes" as specified in 47 U.S.C. §227(b)(1)(A).

12       51. Additionally, Plaintiff repeatedly instructed Credence that he refused to pay any

13       debts they had on file and Credence was to cease any form of communication with the

14       Plaintiff.

15       52. Credence ignored and, in some instances, expressly refused to comply with

16       Plaintiff's repeated demands.

17       53. Plaintiff has the interest and right to be free from deceptive, misleading collection

18   efforts.

19       54. Plaintiff has the interest and right to privacy from individuals harassing him in an

20   attempt to collect a debt after the Plaintiff has invoked his rights by notifying the debt collector

21   that he refuses to pay the debt.

22       55. Plaintiff has the interest and right to be free from harassment due to debt collectors

23   trying to collect on an "alleged" debt.

24

1   56. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived

2   plaintiff of their rights was directed by Defendant to plaintiff specifically.

3   57. Plaintiff's injury is directly traceable to Defendants conduct because if it wasn't for

4   the Defendants conducts, Plaintiff would not have been deprived of his rights.

5   58. Plaintiff was damaged by these unlawful calls. Plaintiff's privacy was improperly

6   invaded, his peace was disturbed, he was distracted, his cellular telephone battery and memory

7   was taxed, his cellular telephone were tied-up, and he was forced to spend precious time and

8   mental energy tending to unwanted calls causing loss of funds as well as other damages.

9   59. Defendant, Credence, caused the Plaintiff severe emotional distress, mental anguish,

10   Loss of time due to learning how to defend himself against the Defendant, loss of time due to

11   dealing with unwanted calls, and loss of time due to taking time off of work to address the

12   harassment, invasion of privacy, anxiety due to efforts to try and collect this "alleged debt

13   without regard for the law, fear due to harassment from the many unwanted calls which has led

14   to sleepless nights, and psychological harm.

15   60. The Plaintiff request that defendant compensate him for damages due to the FDCPA

16   violation(s) under 15 USC § 1692k.

17   61. Plaintiff justifiably fears that, absent this court's intervention, Defendant Credence

18   will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect

19   alleged debts.

20   62. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

21   63. A favorable decision herein would redress Plaintiffs injury with money damages.

22   64. A favorable decision herein would server to defer Defendant from further similar

23   conduct.

24   **Count 1 Violation of the Fair Debt Collection Practices Act**

1

## (CREDENCE RESOURCE MANAGEMENT LLC)

2 65. Plaintiff reincorporates by referencing all the preceding paragraphs.

3 66. According to 15 U.S.C 1692c(c) Ceasing communication

4 If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt
5 or that the consumer wishes the debt collector to cease further communication with the
6 consumer, the debt collector shall not communicate further with the consumer with respect to
7 such debt, except—

8 (1)to advise the consumer that the debt collector's further efforts are being terminated;

9 (2)to notify the consumer that the debt collector or creditor may invoke specified
10 remedies which are ordinarily invoked by such debt collector or creditor; or

11 (3)where applicable, to notify the consumer that the debt collector or creditor intends to
12 invoke a specified remedy.

13 67. Furthermore, according to 15 U.S.C 1692d(6) A debt collector may not engage in any
14 conduct the natural consequence of which is to harass, oppress, or abuse any person in
15 connection with the collection of a debt. Without limiting the general application of the
16 foregoing, the following conduct is a violation of this section: (5)Causing a telephone to ring or
17 engaging any person in telephone conversation repeatedly or continuously with intent to annoy,
18 abuse, or harass any person at the called number.

19 68. Defendant, CREDENCE Corporation, violated the Fair Debt Collection Practices Act
20 as follows:

21 69. The Debt Collector's violations include, but are not limited to, the following: The
22 Debt Collector violated 15 U.S.C § 1692c(c) of the FDCPA by failing to cease collection after
23 receiving written notice that the plaintiff refuses to pay the debt.

24

COMPLAINT FOR A CIVIL CASE - 12

70. The Plaintiff communicated to the defendant on June 12th 2024 that he refused to pay the debt yet the defendant continuously called the Plaintiff trying to collect on the debt. Furthermore, the Plaintiff sent another communication to the Plaintiff on July 8th 2024 refusing to pay the debt that they alleged the Plaintiff had from T-Mobile yet even after receiving the email, the defendant continued to call the Plaintiff to collect on a debt.

71. Credence is in violation of 15 U.S.C 1692d(5) by continuously causing the Plaintiff's phone to ring with the intent to harass the Plaintiff in attempt to collect a debt.

72. As a result of these violations, the Plaintiff has suffered from emotional distress, loss of time due to defending himself against the violations from the defendant, fear due to harassment, anxiety due to harassment and the defendant's utter disregard for the law, and statutory and punitive damages.

73. As a result of the above violations of the FDCPA, Defendant are liable to the Mr. Pickett for the following:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S,C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3); E. For such other and further relief as the Court may deem just and proper.

## COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227(b)(1)(A)(iii) AGAINST CREDENCE

74. Plaintiff repeats, realleges and incorporates by reference herein paragraphs

75. Credence placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227(b)(1)(A)(iii).

1    76. It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone
2  by using an automatic telephone dialing system or prerecorded message without that person's
3  prior express consent. The Plaintiff never gave Credence express permission to contact him using
4  an automatic telephone dialing system.

5    77. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated
6  telephone dialing system and/or employed a prerecorded voice message. These calls bore telltale
7  signs of an automation, such as a prerecorded message or a noticeable gap between picking up
8  the call and a human being coming on the line. Furthermore, when the Plaintiff tried to call back
9  the number, he was greeted with an automated pre-recorded message.

10    78. Defendant knowingly employed methods and/or has a corporate policy designed to
11  harass and abuse individuals and has set up their auto dialer in a manner which makes it virtually
12  impossible for the auto dialer calls to stop. This is evident due to the fact that the defendant
13  continues to call the Plaintiff daily even after stating they are no longer collecting on an account
14  from the Plaintiff.

15    79. According to findings by the Federal Communication Commission ("FCC"), the
16  agency Congress vested with authority to issued regulations implementing the TCPA, such calls
17  as those alleged herein are prohibited because, as Congress found, automated or prerecorded
18  telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and
19  inconvenient. Rules and Regulations Implementing the Telephone Consumer Protection Act of
20  1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

21    80. Credence's method of contacting Plaintiff is indicative of its ability to dial numbers
22  without any human intervention in the calling process, which the FCC has opined is the hallmark
23  of an automatic telephone dialing system (i.e. auto-dialer). See In the Matter of Rules &
24  Regulations Implementing The Telephone Consumer Protection Act of 2008, CG Docket No. 02-

Telephone Consumer Protection Act of 1991, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

81. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. See FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

82. Defendant violated the TCPA, with respect to all of its auto dialer calls made to Plaintiff's cellular telephone number without Plaintiff's express consent.

83. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the auto dialer calls made to Plaintiff's cellular telephone even after Plaintiff notified Defendant on or about June 12th 2024, when Plaintiff informed the defendant that he refused to pay any debts the defendant has and to cease all forms of communication with him.

84. Credence, through its agents, representatives and/or employees acting within the scope of their authority, acted willfully and therefore intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii). Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need not know that his action or inaction constitutes a violation." In re Dynasty Mortg., L.L.C., 22 F.C.C. Rcd. 9453, 9470 n.86, 2007 WL 1427724 (F.C.C. May 14, 2007).

85. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

86. Credence, through its agents, representatives and/or employees acting within the scope of their authority, acted willfully and therefore intentionally violated the TCPA, 47 U.S.C

COMPLAINT FOR A CIVIL CASE - 15

§ 227 (b)(1)(A)(iii). Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . A violator need not know that his action or inaction constitutes a violation." In re Dynasty Mortg., L.L.C., 22 Case 0:21-cv-60328-RAR

87. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10–13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. See also Mims v. Arrow Fin. Servs., L.L.C., 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

88. Credence's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

89. Credence's phone calls also harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone and telephone line; (2) intruding upon Plaintiff's seclusion and privacy; (3) wasting Plaintiff's time and mental energy; (4) depleting the battery life on Plaintiff's cellular telephone; (5) using memory storage space in Plaintiff's cellular telephone; and (6) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life due to the harassing and abusive nature of the defendants continuous calls to the Plaintiff.

90. Defendant, Credence, caused the Plaintiff severe emotional distress, mental anguish, Loss of time due to learning how to defend himself against the Defendant, loss of time due to dealing with unwanted calls, and loss of time due to taking time off of work to address the

1 | harassment, invasion of privacy, anxiety due to efforts to try and collect this "alleged debt

2 | without regard for the law, fear due to harassment from the many unwanted calls which has led

3 | to sleepless nights, and psychological harm.

4 | 91. As a result of Credence's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to

5 | an award of $1,500.00 in statutory damages, for each and every willful or knowing

6 | violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

7 | 92. Plaintiff is also entitled to injunctive relief prohibiting Credence from contacting the

8 | Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. §

9 | 227(b)(3)(a).

10 | ### Jury Demand and Prayer For Relief

11 | Wherefore Plaintiff, Craig Jones respectfully demands a trial by Jury and request that
judgement be entered in favor of the Plaintiff against the Defendant for:

12 |

13 | A. Judgment for the violations occurred for violating the FDCPA;

14 | B. Actual damages pursuant to 15 U.S,C 1692k(1)(2);

15 | C. Statutory damages pursuant to 15 U.S.C 1692k(2);

16 | D. Cost pursuant to 15 U.S.C 1692k(3);

17 | E. statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against

18 | CRM;

19 | F. Treble damages of $1,500.00 in statutory damages, for each and every willful or

20 | knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C)

21 | G. an injunction prohibiting CRM from contacting Mr. Jones using an automated dialing

22 | system pursuant to 47 U.S.C. § 227(b)(3)(A)

23 | H. A declaration that CRM violated the TCPA;

24 | I. For such other and further relief as the Court may deem just and proper.

COMPLAINT FOR A CIVIL CASE - 17

1

2

3

4      Date:   07/15/2024

                                        Craig Jones
5                                       EMAIL: cjonesbusinessinfo@gmail.com
                                        Phone Number: 7702623206
6                                       4317 Sterling Forest Drive Decatur Georgia 30034

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

 Gmail

**Wealth Gems <thewealthgems@gmail.com>**

## (no subject)

**Wealth Gems** <thewealthgems@gmail.com>
To: complaints@credencerm.com, disputes@credencerm.com

Wed, Jun 12, 2024 at 11:39 PM

My name is Craig Jones. My birthdate is 01/30/1993. Last four of social is 0163. This message is regarding any debts you have on file with me. I refuse to pay the debt.



**Disputes**

to me ▾





Hello,

We are in receipt of your email dated June 12, 2024.

Thank you for inquiry.
Your account was recalled from Credence Resource Management, LLC and returned back to Pendrick Capital Partners, LLC on 01/31/2024. Please refer any questions you may have about this account to Pendrick Capital Partners, LLC.

Please feel free to contact us if you have any questions and concerns at:
Credence Resource Management, LLC
4222 Trinity Mills, Suite 260 Dallas, TX 75287.
Office Hours: Monday to Friday 8:00 AM EST to 09:00 PM PST
Saturday 11:00 AM EST to 07:00 PM EST
Toll free # 855-880-4792.

Sincerely

Credence Resource Management, LLC

This communication is from a debt collector

If you want to opt out or unsubscribe please respond as Opt out or Unsubscribe to  unsubscribe@e-mail.credencerm.com



7/15/24, 3:04 PM

Gmail - (no subject)

 Gmail

**Wealth Gems <thewealthgems@gmail.com>**

## (no subject)

**Wealth Gems** <thewealthgems@gmail.com>
To: Disputes <disputes@credencerm.com>

Mon, Jul 8, 2024 at 5:08 PM

My name is Craig Jones. My birthdate is 01/30/1993. Last four of social is 0163. This message is regarding any debts you have on file with me. I refuse to pay the debt.



 **Disputes**
to me ▾

Hello,

We are in receipt of your email, dated July 8, 2024.

Please be advised your account has been closed and Credence Resource Management LLC will not pursue any further collection activity on it.

Please feel free to contact us if you have any questions and concerns at:

Credence Resource Management, LLC

4222 Trinity Mills, Suite 260 Dallas, TX 75287.

Office Hours: Monday to Friday 8:00 AM EST to 09:00 PM PST

Saturday 11:00 AM EST to 07:00 PM EST

Toll free # 855-880-4792.

Sincerely,

Credence Resource Management, LLC

This communication is from a debt collector

If you want to opt out or unsubscribe please respond as Opt out or Unsubscribe to  unsubscribe@e-mail.credencerm.com