IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CRAIG JONES,<br><br>    Plaintiff,<br><br>v.<br><br>CREDNECE RESOURCE MANAGEMENT, LLC<br><br>    Defendants. | §§§§§§§§§§§§    1:24-CV-3156-MLB-RDC |

## **DEFENDANT CREDENCE RESOURCE MANAGEMENT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Credence Resource Management, LLC ("CRM"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Complaint filed by plaintiff, Craig Jones, and states:

## **INTRODUCTION**

1. CRM admits only that plaintiff filed this action under the Fair Debt Collection Practices Act, 15 U.S.0 § 1692, et seq. (hereinafter "FDCPA") and Telephone Consumer Protection Act, 47. U.S.C. § 227 ("TCPA") but denies any and all violations, liability, damages, and/or wrongdoing under the law. Except as specifically admitted, CRM denies the allegations in ¶ 1.

1

## JURISDICTION

2. CRM denies the allegations in ¶ 2 as calling for a legal conclusion.

3. CRM denies the allegations in ¶ 3.

## PARTIES

4. CRM admits only that plaintiff is a natural person. Except as specifically admitted, CRM denies the allegations in ¶ 4.

5. CRM admits the allegations in ¶ 5.

6. CRM admits the allegations in ¶ 6.

7. CRM admits that part of its business includes the collection of unpaid accounts. Except as specifically admitted, CRM denies the allegations in ¶ 7.

8. CRM denies the allegations in ¶ 8 as calling for a legal conclusion.

9. CRM denies the allegations in ¶ 9 as calling for a legal conclusion.

10. CRM denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. CRM denies the allegations in ¶ 11.

12. CRM denies the allegations in ¶ 12 as calling for a legal conclusion.

13. CRM denies the allegations in ¶ 13 as calling for a legal conclusion.

14. CRM denies the allegations in ¶ 14 as calling for a legal conclusion.

15. CRM denies the allegations in ¶ 15.

## INTRODUCTION

16. CRM admits only that plaintiff filed this action under the Fair Debt Collection Practices Act, 15 U.S.0 § 1692, et seq. (hereinafter "FDCPA") and Telephone Consumer Protection Act, 47. U.S.C. § 227 ("TCPA") but denies any and all violations, liability, damages, and/or wrongdoing under the law. Except as specifically admitted, CRM denies the allegations in ¶ 16.

17. CRM denies the allegations in ¶ 17.

18. CRM denies the allegations in ¶ 18.

19. CRM denies the allegations in ¶ 19 as calling for a legal conclusion.

20. CRM denies the allegations in ¶ 20 as calling for a legal conclusion.

21. CRM denies the allegations in ¶ 21 as calling for a legal conclusion.

22. CRM denies the allegations in ¶ 22.

## FACTUAL ALLEGATIONS

23. CRM denies the allegations in ¶ 23 as calling for a legal conclusion.

24. CRM denies the allegations in ¶ 24.

25. CRM denies the allegations in ¶ 25.

26. CRM denies the allegations in ¶ 26.

27. CRM denies the allegations in ¶ 27.

28. CRM denies the allegations in ¶ 28.

29. CRM denies the allegations in ¶ 29.

30. CRM denies the allegations in ¶ 30.

31. CRM denies the allegations in ¶ 31.

32. CRM denies the allegations in ¶ 32.

33. CRM denies the allegations in ¶ 33.

34. CRM denies the allegations in ¶ 34.

35. CRM denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

36. CRM denies the allegations in ¶ 36.

37. CRM denies the allegations in ¶ 37.

38. CRM denies the allegations in ¶ 38.

39. CRM denies the allegations in ¶ 39.

40. CRM denies the allegations in ¶ 40.

41. CRM denies the allegations in ¶ 41.

42. CRM denies the allegations in ¶ 42.

43. CRM denies the allegations in ¶ 43.

44. CRM denies the allegations in ¶ 44.

45. CRM denies the allegations in ¶ 45.

46. CRM denies the allegations in ¶ 46.

47. CRM denies the allegations in ¶ 47.

48. CRM denies the allegations in ¶ 48.

49. CRM denies the allegations in ¶ 49.

50. CRM admits the allegations in ¶ 50.

51. CRM denies the allegations in ¶ 51.

52. CRM denies the allegations in ¶ 52.

53. CRM denies the allegations in ¶ 53.

54. CRM denies the allegations in ¶ 54.

55. CRM denies the allegations in ¶ 55 as stated and as calling for a legal conclusion.

56. CRM denies the allegations in ¶ 56.

57. CRM denies the allegations in ¶ 57.

58. CRM denies the allegations in ¶ 58.

59. CRM denies the allegations in ¶ 59.

60. CRM denies the allegations in ¶ 60.

61. CRM denies the allegations in ¶ 61.

62. CRM denies the allegations in ¶ 62.

63. CRM denies the allegations in ¶ 63.

64. CRM denies the allegations in ¶ 64.

## Count I:
## Violation of the Fair Debt Collection Practices Act (CREDENCE RESOURCE MANAGEMENT)

65. CRM reasserts the foregoing as if fully stated herein.

66. CRM denies the allegations in ¶ 66 as calling for a legal conclusion.

67. CRM denies the allegations in ¶ 67 as calling for a legal conclusion.

68. CRM denies the allegations in ¶ 68.

69. CRM denies the allegations in ¶ 69.

70. CRM denies the allegations in ¶ 70.

71. CRM denies the allegations in ¶ 71.

72. CRM denies the allegations in ¶ 72.

73. CRM denies the allegations in ¶ 73.

## COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227(b)(l)(A)(iii) Against Credence

74. CRM reasserts the foregoing as if fully stated herein.

75. CRM denies the allegations in ¶ 75.

76. CRM denies the allegations in ¶ 76.

77. CRM denies the allegations in ¶ 77.

78. CRM denies the allegations in ¶ 78.

79. CRM denies the allegations in ¶ 79.

80. CRM denies the allegations in ¶ 80.

6

81. CRM denies the allegations in ¶ 81.

82. CRM denies the allegations in ¶ 82.

83. CRM denies the allegations in ¶ 83.

84. CRM denies the allegations in ¶ 84.

85. CRM denies the allegations in ¶ 85.

86. CRM denies the allegations in ¶ 86.

87. CRM denies the allegations in ¶ 87.

88. CRM denies the allegations in ¶ 88.

89. CRM denies the allegations in ¶ 89.

90. CRM denies the allegations in ¶ 90.

91. CRM denies the allegations in ¶ 91.

92. CRM denies the allegations in ¶ 92.

## Jury Demand and Prayer for Relief

93. CRM denies that plaintiff is entitled to any relief, including the relief sought.

## AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the

maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.  CRM denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of CRM's purported violations.

3.  One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4.  Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5.  Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than CRM and were beyond the control or supervision of CRM or for whom CRM was and is not responsible or liable.

6.  One or more of the telephone calls made to plaintiff were not made to a wireless, i.e., cellular, telephone.

7.  Plaintiff consented and authorized calls to the phone number in question.

8.  The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

9.  The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

10. To the extent the calls at issue were to plaintiff's telephone, as alleged, plaintiff provided consent to receive those calls.

11. To the extent plaintiff was not the subscriber of the phone at the time of the calls, plaintiff has no standing to assert the claim.

12. To the extent plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

13. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, Credence Resource Management Services, LLC, respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Date:  September 5, 2024			Respectfully submitted,

*/s/ Kirsten H. Smith*
Kirsten H. Smith (#702220)
SESSIONS, ISRAEL & SHARLTE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7943
Facsimile:  (504) 828-3737
Email: ksmith@sessions.legal
*Attorney for Defendant*
*Credence Resource Management, LLC*

## **CERTIFICATE OF SERVICE & COMPLIANCE**

I hereby certify that on September 5, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court and served via U.S. Mail on the pro se plaintiff at his address of record.

I additionally certify that the above-referenced document has been prepared in Times New Roman (14 point) font and this satisfies the font size requirements of this Court.

*/s/  Kirsten H. Smith*
Kirsten H. Smith