IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRAIG JONES,<br><br>        Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT LLC,<br><br>        Defendant. | CIVIL ACTION NO.<br>1:24-cv-03156-MLB-RDC |

### **GUIDELINES FOR DISCOVERY AND MOTION PRACTICE**

These Guidelines are intended to promote the just, speedy, and economical disposition of cases.

### **GENERAL MATTERS**

Attorneys and *pro se* litigants appearing in this Court in civil litigation must observe and comply with these sets of rules:

1. The Federal Rules of Civil Procedure;

2. The Local Rules of the Northern District of Georgia; and

3. The standing orders of this Court and the presiding District Judge,[1] as well as any orders entered in this case.

---

[1] The standing orders for the District Judges are available online under the listings in the District Judge Directory: https://www.gand.uscourts.gov/district-judge-directory.

**PRELIMINARY FILINGS**

1. **Certificate of Interested Persons and Corporate Disclosure Statement** ("CIP"). To evaluate judicial disqualification or recusal as a preliminary matter, attorneys for all non-governmental parties and *pro se* parties must file a CIP at their first appearance in the case. LR 3.3, NDGa. The plaintiff makes an appearance by signature on the complaint, and the defendant makes an appearance by filing an answer or motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. LR 83.1(D)(1), NDGa. An attorney also makes an appearance by filing a notice of appearance. *Id.*

2. **Initial Disclosures** ("ID"). The parties must, without waiting for a discovery request, make their ID within thirty days of a defendant's appearance by answer or motion. Fed. R. Civ. P. 26(a)(1); LR 26.1, NDGa.

3. **Joint Preliminary Report and Discovery Plan** ("JPRDP"). Local Rule 16.1 requires lead counsel for the parties to confer with each other prior to filing the JPRDP. LR 16.1, NDGa. This conference may be conducted by telephone. Counsel must file a JPRDP within thirty days after the appearance of the first defendant by answer or motion. LR 16.2, NDGa. *Pro se* litigants and opposing counsel may file separate statements. *Id.*

**DISCOVERY**

1. **General Principles of Discovery**. Counsel and *pro se* litigants should be guided by courtesy, candor, and common sense, and comply with applicable rules and orders. Counsel and *pro se* litigants should observe the restrictions on the scope of discovery stated in Rule 26(b), the good faith obligations implicit in Rule 26(g), and the general requirements to confer prior to seeking guidance from the Court under Rule 26. Fed. R. Civ. P. 26(b), (g).

Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.

2.  **Commencement**. The discovery period begins thirty days after the appearance of the first defendant by answer to the complaint, or in the case of removal, thirty days from the date of removal if any defendant appeared by answer before removal. LR 26.2, NDGa.

3.  **Timeliness**. The parties must comply with time limits specified in the rules and applicable orders. To be timely, discovery requests must be served sufficiently in advance (usually thirty days) of the discovery deadline to provide the requested party time to respond. *See, e.g.*, Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). The discovery deadline is the last date to respond to discovery requests, unless specified otherwise by court order.

4.  **Extensions of Time**. Motions for extension of time, including joint or consent motions, will not be granted as a matter of course. To be timely, a motion for extension of time should be filed before the applicable deadline. All motions for extension of time should explain, with specificity, the unanticipated or unforeseen circumstances requiring the extension and should provide a timetable for resolution of the issue for which the extension is sought.

Requests for extension of the discovery deadline must state: (1) the original (or, if previously modified, the current) discovery deadline date; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; (4) the reasons requiring extension of the discovery period; and (5) whether the opposing party consents, and if not, the reasons given by the opposing party for refusing to consent. An unopposed or consent motion should be designated as a CONSENT motion.

5. **Amendments**. If a plaintiff seeks to amend the complaint after the time allowed for amendment as a matter of course in Rule 15(a)(1), the plaintiff must file a separate motion to amend. *See* Fed. R. Civ. P. 15(a)(1), (2); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). The plaintiff must also attach the proposed amendment to the motion. *See* Fed. R. Civ. P. 7(b)(1)(B). Requests for amendment embedded in an opposition brief will be denied. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009). Unless the motion is unopposed, the Court will grant a motion to amend filed after the time-period allowed by the Court's scheduling order *only* for good cause. *See* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

6. **Designation of Expert Witnesses and Reports**. The Local Rules require the disclosure of expert witnesses early enough in the discovery period to allow for adequate time to depose the expert and to name and depose a rebuttal expert witness. *See* LR 26.2(C), NDGa. Unless otherwise provided by the standing order of the presiding District Judge:

   a. A party must disclose the identity and report of any affirmative expert witness—along with the other required disclosures designated in Rule 26(a)(2)(B)—no later than ninety days before the close of the discovery period. Fed. R. Civ. P. 26(a)(2)(B), (D).

   b. The identity and report of any rebuttal expert witness must be disclosed no later than thirty days before the close of the discovery period. Fed. R. Civ. P. 26(a)(2)(D)(ii).

7. **Supplementing Discovery Responses**. The parties are required to supplement their initial disclosures and discovery responses if the disclosure or response was incorrect or

incomplete. Fed. R. Civ. P. 26(e). The undersigned urges counsel and *pro se* litigants to ensure that, before the close of discovery, all prospective witnesses are identified in the initial or supplemental disclosures. Failure to comply with the duty to supplement may result in exclusion of evidence or witnesses when considering dispositive motions and at trial.

8. **Depositions**

    a. Scheduling. Barring extraordinary circumstances, opposing counsel and *pro se* litigants should consult each other before a deposition is noticed for the convenience the parties, counsel, and the witness. Concurrent depositions are not permitted in the absence of a stipulation or order.

    b. Stipulations. When counsel or a party enter stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition.

    c. Questioning. Questions should be brief, clear, and simple. The purpose of a deposition is not to harass or intimidate but to make a clear and unambiguous record of what that witness's testimony would be at trial.

    d. Documents. Normally, except for impeachment, a witness should be shown a document before being questioned about it.

    e. Objections. Objections to the manner of taking the deposition, to the evidence, or to the conduct of a party must be noted on the record, but the evidence objected to will be taken subject to the objection. Fed. R. Civ. P. 30(c). Without any good faith claim of privilege, instructions not to answer

are rarely justified and may lead to sanctions under Rule 37(a)(2) and (4). Fed. R. Civ. P. 37(a)(2), (4). Speaking objections and other tactics used to coach a witness during the deposition may also be cause for sanctions. If counsel or a *pro se* litigant believes that a motion to terminate or limit the examination under Rule 30(d) or a motion to compel responses is warranted, they should promptly initiate a conference call to the court for a pre-motion conference to attempt to resolve the problem.

    f. Persons Attending Depositions. There is no restriction on who may attend a deposition unless the Court imposes a restriction by order. Generally, only one lawyer may conduct a particular deposition for each party.

    g. Expert Disclosures. The parties should consult Rule 26(b)(4). Fed. R. Civ. P. 26(b)(4). But experts who are not prospective witnesses are normally produced for deposition by the opposing party as a matter of course.

    h. Number of Depositions. The parties are expected to observe the limitations specified in Rules 26(b) and 30, in particular, to avoid unnecessary depositions. Fed. R. Civ. P. 26(b), 30.

9. **Interrogatories**

    a. Number and scope of Interrogatories. The parties should observe the limitations stated in Rules 26(b) and 33. Fed. R. Civ. P. 26(b), 33. Counsel's or a *pro se* party's signature on the interrogatories constitutes a certification of compliance with those limitations. Interrogatories should be brief, straight-forward, neutral, specific, and capable of being understood by jurors

when read alongside the answer. Ordinarily, they should be limited to requesting objective facts, such as the identification or persons or documents, dates, places, transaction, and amounts. Argumentative interrogatories, attempts to cross-examine, and multiple repetitive interrogatories are objectionable.

b. Responses. Rule 33(b) requires the respondent to produce whatever information is available, even if other information is lacking or an objection is made. When in doubt about the meaning of an interrogatory, give it a reasonable interpretation, which may be specified in the response, and answer it to provide, rather than deny, information. Generally, the responding party must produce information only in the form in which it is maintained. If an answer references a document, either (1) attach it, or (2) make it available for inspection. Generalized cross-references, such as to a deposition, are not acceptable as an answer.

c. Objections. Unless a party moves for a protective order or raises an objection that the requested information is unduly burdensome or subject to privilege, requested information must be supplied, to the extent available.

d. Privilege. A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. With a document, the statement should specify the privilege asserted and include the date, title, description, subject, and purpose of the document, the name and position of the author, and the addresses of other recipients. In the case of a

communication, the statement should include the privilege asserted and the date, place, subject and purpose of the communication, and the names and positions of all persons present. *See* Fed. R. Civ. P. 26(b)(5).

**10.  Requests for Production or Inspection**

   a. Number and Scope of Requests. Although the Court has no standing limitation, the parties should consult the limitations stated in Rules 26(b) and 34. Fed. R. Civ. P. 26(b), 34. As much as possible, requests should specify with particularity the title and description of documents or record requested. Information needed for specification can often be obtained by informal discovery, deposition, or interrogatory, if necessary. Argumentative or catch-all requests, such as "all documents which support your claims/defenses," are objectionable.

   b. Responses. Materials should be produced either with labels identifying the specific requests to which they respond or in the way they are kept in the ordinary course of business. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, or employing similar procedures do not meet the good-faith requirements of the rules.

   c. Objections & Assertions of Privilege. *See supra* Paragraphs 9(c), (d).

**11.  Requests for Admission**

   a. Use of Requests. Requests for admission are an economical and efficient way of making a record of informal exchanges of information, stipulations,

matters subject to judicial notice, and of narrowing issues. *See generally* Fed. R. Civ. P. 36. The parties are encouraged to use requests for admission to reduce the scope of discovery and the number of issues to be decided at trial.

b. Form of Requests. Requests should be brief, clear, simple, addressed to a single point, and stated in neutral, non-argumentative words. Requests ordinarily should deal with only objective facts. They may be combined with interrogatories to ask for the factual basis of a claim or a denial.

c. Responses. Rule 36 requires that a response shall specifically deny a matter or set forth why the party cannot admit or deny, in detail. A denial shall fairly meet the substance of the request, and when good faith requires, a party must specify the portion that is true and qualify or deny the remainder. The responding party has a duty to make reasonable inquiry before responding.

d. Objections & Assertions of Privilege. *See supra* Paragraphs 9(c), (d).

**12. Discovery Disputes, Motions to Compel, and Protective Orders**

a. Signature Requirement. All discovery disclosures, requests, responses, and objections must be signed by at least one attorney or record or by a party, if proceeding *pro se*. Fed. R. Civ. P. 26(g)(1). For discovery requests and responses, counsel and *pro se* parties are reminded that a signature certifies that the request or response is made reasonably, in good faith, and in an attempt to comply with applicable law. Fed. R. Civ. P. 26(g)(1)(B).

b. Duty to Confer. Counsel and *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute

before the Court. *See* Fed. R. Civ. P. 26(c), 37; LR37.1(A), NDGa. The duty to confer is **NOT** satisfied by sending a written document—such as a letter, email, or fax—to an opposing party **UNLESS** repeated attempts to confer by telephone or in person fail because of the opposing party's conduct.

c. Dispute Procedure. The Court will work to reduce delay and inefficiency arising from discovery disputes. The parties, therefore, must submit discovery disputes to the Court before formal motions to compel, to quash a subpoena, for a protective order, or for sanctions are filed. If a dispute cannot be resolved informally by conferral, the parties must electronically file on the docket a Joint Statement Regarding Discovery Dispute, using the "Notice of Filing" event, outlining their positions on each of the disputed issues. The statement must not exceed two double-spaced pages per issue (for example, if there are three discrete issues, the Joint Statement must not exceed six pages). The parties are required to attach excerpts of the relevant discovery requests as exhibits to the Joint Statement, including *only* the language of the specific requests in dispute and, if relevant, the opposing party's responses.

Simultaneous with filing the Joint Statement, the parties must submit to the undersigned's chambers a joint proposed order that resolves *each* of the outstanding discovery issues. The plaintiff must prepare and send to the defendant an initial draft of the proposed order (in editable electronic format) with suggested terms and conditions. The terms and conditions should be as clear, direct, and precise as possible. The defendant must then mark up the

proposed order with its own suggested terms and conditions. A single proposed order—with all mark-ups shown (for example, using Track Changes in Word format)—must be submitted to the undersigned. In other words, the undersigned requires a consolidated proposed order addressing each disputed discovery issue, which indicates each party's suggested terms and conditions for resolution. Notwithstanding the preceding, *pro se* litigants and opposing counsel may submit separate proposed orders. In preparing their respective solutions, the parties **must**, as set forth under Rule 26(b)(1), consider the proportionality of all discovery requests given the importance of the evidence at issue, the likely benefit of such evidence, the costs of producing the evidence, and whether those costs should be allocated.

After reviewing the Joint Statement, discovery requests, and consolidated proposed order, the Court will determine whether a conference, additional briefing, or formal motions are necessary.[2] The undersigned will generally resolve the disagreement by selecting the most reasonable terms and conditions proposed for each disputed issue. The parties are therefore encouraged to be fair and sensible—indeed, the **most** reasonable terms and conditions will usually prevail. Maximalist positions, by contrast, will almost certainly lose. The purpose of this discovery-dispute procedure is to motivate

---

[2] In the undersigned's experience, conferences are often unhelpful and thus will not be scheduled unless it appears that the parties are acting in good faith and the dispute is such that it can reasonably be resolved during a teleconference lasting thirty minutes or less.

11

    fair-minded cooperation, to encourage the parties to participate in crafting their own solutions (rather than just presenting problems). They are advised to approach disagreements with that in mind.

    If any party has a dispute with a non-party (*e.g.*, regarding a subpoena), the party and the non-party must generally follow these instructions, as applicable, and the party must promptly inform the non-party of this discovery-dispute procedure.

  d. Sanctions. If sanctions are sought, a party must file a separate motion with a declaration and the appropriate documentation to support the amount requested. *See generally* Fed. R. Civ. P. 37.

  e. Consent Protective and Confidentiality Orders. Before filing any proposed confidentiality agreements for the Court's consideration, the parties must consult Appendix H to the Local Rules regarding filing documents under seal, the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files, and the presiding District Judge's standing order. Even if the parties consent to the confidentiality of documents, the Court will not approve agreements that conflict with the Court's governing standards.

**13.** **Service**. The parties should serve interrogatories, requests for inspection, requests for admission, and answers and responses on opposing counsel or *pro se* party, not with the court. LR 26.3(A), NDGa. That said, the party responsible for serving discovery material must file a certificate of service with the Clerk, showing the date of service. *Id.*

**14.** **Reference to Guidelines**. Except as otherwise provided in the presiding District Judge's standing order, the undersigned will follow these Guidelines in resolving discovery disputes and imposing sanctions. Where these Guidelines are silent, the parties should consult the default rules in the Federal Rules of Civil Procedure, the Local Rules, the presiding District Judge's standing order, and other applicable law.

IT IS SO **ORDERED** on this 6th day of September 2024.

*/s/ R. Cannon*
REGINA D. CANNON
United States Magistrate Judge