UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA (ATLANTA)

| | | |
|---|---|---|
| CRAIG JONES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-3156-MLB-RDC |
| CREDNECE RESOURCE MANAGEMENT, LLC | § § § § | |
| Defendant. | § § | |

# **DEFENDANT CREDENCE RESOURCE MANAGEMENT, LLC'S PRELIMINARY REPORT AND DISCOVERY PLAN**

Defendant, Credence Resource Management LLC (CRM"), hereby files its Preliminary Report and Discovery Plan in the above-styled matter, pursuant to N.D. Ga. Local Rule 16.2.  Undersigned counsel for CRM contacted plaintiff, Craig Jones, several times to confer and complete the Rule 26(f) conference and complete a Joint Preliminary Report and Discovery Plan, but did not receive a response from Mr. Jones.  Out of an abundance of caution, and to comply with the Court's October 10, 2024 order (ECF 10), CRM is filing this report unilaterally, and will file a supplemental Joint Preliminary Report and Discovery Plan if and when the parties are able to confer and a joint plan.

**1.    Description of Case:**

   **(a)    Describe briefly the nature of this action.**

Plaintiff asserts claims against CRM under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  CRM has denied the allegations.

**(b)   Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

Plaintiff's Response:

Defendant Credence Resource Management LLC's Response:

Defendant Credence Resource Management, LLC ("CRM") denies the allegations in the complaint and reasserts its responses and affirmative defenses in its filed answer.  CRM did not use an automatic telephone dialing system ("ATDS") or prerecorded voice to call plaintiff, or continue to contact plaintiff after he refused to pay the debt as alleged in the complaint.

**(c)   The legal issues to be tried are as follows:**

Plaintiff contends the following are the legal issues to be tried:

Defendant Credence Resource Management LLC contends the following are the legal issues to be tried against it:

1. Whether CRM is a debt collector, as defined by the FDCPA.

2. Whether CRM was attempting to collect a debt, as defined by the FDCPA.

3. Whether CRM engaged in the conduct alleged in the complaint.

4. Whether CRM used an ATDS to call plaintiff.

5. Whether CRM used a prerecorded voice to call plaintiff.

6. To the extent plaintiff can establish a violation, whether any such violation was a bona fide error notwithstanding CRM's procedures reasonably adapted to avoid such an error.

7. Plaintiff's damages, if any.

8. To the extent plaintiff establishes any damages, what damages, if any, are attributable to conduct by CRM.

**(d)    The cases listed below (include both style and action number) are:**

**(1)    Pending Related Cases:**   None.

**(2)    Previously Adjudicated Related Cases:**  None.

2.   **<u>Complexity</u>:**

This case is complex because it possesses one (1) or more of the features listed below (please check):

   \_\_\_\_\_ (1)    **Unusually large number of Parties (potentially)**
   \_\_\_\_\_ (2)    **Unusually large number of claims or defenses (potentially)**
   \_\_\_\_\_ (3)    **Factual issues are exceptionally complex**
   \_\_\_\_\_ (4)    **Greater than normal volume of evidence**
   \_\_\_\_\_ (5)    **Extended discovery period is needed**
   \_\_\_\_\_ (6)    **Problems locating or preserving evidence**
   \_\_\_\_\_ (7)    **Pending parallel investigations or actions by government**
   \_\_\_\_\_ (8)    **Multiple use of experts**
   \_\_\_\_\_ (9)    **Need for discovery outside United States boundaries**
   \_\_\_\_\_ (10)   **Existence of highly technical issues and proof**
   \_\_\_\_\_ (11)   **Unusually complex discovery of electronically stored information**

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:  Pro se

Credence Resource Management LLC:

Kirsten H. Smith
Georgia Bar No. 702220
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7943
ksmith@sessions.legal
Attorney for Defendant,
Credence Resource Management, LLC

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

___ Yes     _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

Response:  None.

(b) The following persons are improperly joined as parties:

**Response:** None.

The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Response:** None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amendments and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

**Response:** None.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

**Response:** CRM will serve initial disclosures on or before October 17, 2024.

## 9. Request for Scheduling Conference:

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

**Response:** CRM does not seek a scheduling conference at this time.

## 10. Discovery Period:

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Plaintiff:

Defendant Credence Resource Management LLC:

Credence anticipates taking written discovery and deposing plaintiff on plaintiff's claims and allegations in the complaint, Credence's defenses thereto, and plaintiff's alleged damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response:**  None.

(b)     Is any party seeking discovery of electronically stored information?

<u> X </u> Yes        <u>    </u> No

**If "yes,"**

**(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

**Response:**

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

**Response:**

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Response:** CRM anticipates it may seek a confidentiality and protective order to the extent plaintiff seeks discovery from it regarding confidential or proprietary company policies, procedures, and/or financial documents.  Should such an order be required, CRM will attempt to confer with plaintiff regarding the proposed relief.

8

**13.    Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on   and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff:**

**Credence Resource Management LLC:    Lead counsel (signature):**


**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**( x )  A possibility of settlement before discovery.**
**( x )  A possibility of settlement after discovery.**
**(___)  A possibility of, but a conference with the judge is needed.**
**(___)  No possibility of settlement.**

**(c)    Counsel ( x ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is on** TBD.

**(d)    The following specific problems have created a hindrance to settlement of this case.**  Not applicable.

**14.    Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties (__) do consent to have this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____ 20___.**

**(b)    The parties (X) do not consent to having this case tried before a magistrate judge of this Court**

Dated:  October 17, 2024

                                                       */s/ Kirsten Smith*
Kirsten H. Smith
Georgia Bar No. 702220
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7943
ksmith@sessions.legal
Attorney for Defendant,
Credence Resource Management, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA (ATLANTA)

| | | |
|---|---|---|
| CRAIG JONES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-3156-MLB-RDC |
| CREDNECE RESOURCE MANAGEMENT, LLC | § § § § | |
| Defendant. | § § § | |

## **SCHEDULING ORDER**

Upon review of the information contained in the Preliminary Report and Discovery Plan form completed and filed by defendant Credence Resource Management, LLC, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ____ day of _____, 2024.

_____
THE HONRABLE REGINA D. CANNON
United States Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA (ATLANTA)

| | |
|---|---|
| CRAIG JONES, § § § Plaintiff, § § v. § 1:24-CV-3156-MLB-RDC § CREDNECE RESOURCE § MANAGEMENT, LLC § § Defendant. § § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2024, I electronically filed the foregoing Preliminary Report and Discovery Plan with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record. In addition, a true and correct copy of this filing was served upon Plaintiff, Craig Jones, via U.S. mail.

By: *s/ Kirsten Smith*
Counsel for Defendant Credence Resource Management, LLC