IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRAIG JONES,<br><br>   Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE<br>MANAGEMENT LLC,<br><br>   Defendant. | CIVIL ACTION NO.<br>1:24-cv-03156-MLB-RDC |

## **SCHEDULING ORDER**

Upon review of the parties' Joint Preliminary Report and Discovery Plan, (Doc. 12), the Court adopts the proposed deadlines for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement, as modified below. This case will be set for trial, as applicable, after the Court has ruled on all dispositive motions and the parties file a proposed Consolidated Pretrial Order.

1. Amendments to the pleadings submitted **LATER THAN THIRTY (30) DAYS** after the date of this Order will **not** be accepted without opposing party consent or good cause shown. *See* Fed. R. Civ. P. 16(b)(4).

2. The discovery deadline is **February 21, 2025**

3. Any motions for summary judgment must be filed by **March 24, 2025**, and if no motions for summary judgment are filed the proposed Consolidated

Pretrial Order will be due on that date. *See* LR 16.4(A), NDGa.

a. Whenever a motion for summary judgment is filed, the non-moving party must file a response to the moving party's "Statement of Undisputed Material Facts." In the response, the non-moving party must respond to each numbered fact by number, admitting or denying the fact and providing citations to the record to support any denial. The Court may treat any facts from the moving party's statement as undisputed if the non-moving party does not refute those facts with citations to the record in its response. Fed. R. Civ. P. 56(c), (e); LR 56.1(B)(2), NDGa.

b. If a party references a deposition in its brief, the party must file a copy of the entire deposition. *See* LR 56.1(C), NDGa.

c. Without **prior** written permission by the Court, no party may file a brief, whether in support of or in response to a motion, exceeding **twenty-five (25) double-spaced pages** in length, and no party may file a reply brief exceeding **fifteen (15) double-spaced pages**. A party requesting an increase in the page length must file a motion **before** the due date for the brief. The briefs must comply with the format and type requirements of Local Rule 5.1.

**IT IS ORDERED** that the parties adhere to the above deadlines. Any motions

requesting extensions of time must be made before the current deadline and will be granted **only** in exceptional cases, based on circumstances that did not exist or could not have been reasonably anticipated at the time the Preliminary Report was filed. Failure to comply with this Order may result in the imposition of sanctions, including, in extreme cases, dismissal of this action or the entry of default.

The Clerk is **DIRECTED** to re-submit this action to the undersigned by **March 26, 2025** if the parties have neither moved for summary judgment nor filed a proposed Consolidated Pretrial Order.

IT IS SO **ORDERED** on this 18th day of October 2024.

_R. Cannon_
REGINA D. CANNON
United States Magistrate Judge